UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.P. Morgan Securities LLC,

    Plaintiff,

v.

Laura Sullivan,

    Defendant.
_____/

Case No. 25-11693
Hon. Denise Page Hood

**ORDER GRANTING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, DENYING REQUEST FOR EXPEDITED DISCOVERY [ECF NO. 3],**
and
**NOTICE OF SETTING HEARING DATE ON MOTION FOR PRELIMINARY INJUCTION**

## I. INTRODUCTION

Before the Court is Plaintiff J.P. Morgan Securities LLC's ("JPMorgan" or "Plaintiff") Motion for a Temporary Restraining Order, Preliminary Injunction, and an Order Permitting Expedited Discovery. [ECF No. 3]. For the reasons stated herein, Plaintiff's motion is GRANTED IN PART AND DENIED IN PART.

## II. BACKGROUND

Defendant Laura Sullivan ("Sullivan" or Defendant") was employed in several roles at JPMorgan or its affiliates and their predecessors in interest from April

2002 to May 2025. From 2004-2010, Sullivan worked as a relationship banker at Bank One. [ECF No. 1, PageID.7]. "In connection with becoming a relationship banker at Bank One, Sullivan entered into a Banc One Securities Corporation Supervision, Confidentiality, and Non-Solicitation Agreement, dated March 16, 2004[.]" *Id*. The 2004 Banc One Non-Solicitation Agreement "contained provisions requiring Sullivan to maintain the confidentiality of the firm's confidential and proprietary business and customer information, and a restrictive covenant prohibiting her from soliciting the firm's clients for a one-year period after the termination of her employment." *Id*. In February 2010, Sullivan switched to work on the securities side of the business, becoming a Financial Advisor Associate and later a Financial Advisor. Upon becoming a Financial Advisor Associate, Sullivan entered a Chase Investment Services Corp. Supervision, Arbitration, Confidentiality and Non-Solicitation Agreement. *Id*. at PageID.8. Chase merged with JPMorgan in 2012. *Id*. Sullivan continued to climb the corporate later with JPMorgan and had access to highly confidential JPMorgan client files in addition to other financial information that is confidential and proprietary to JPMorgan.

Sullivan's employment with JPMorgan ended on May 15, 2025, and she joined Morgan Stanley Smith Barney LLC ("Morgan Stanley") the same day. *Id*. at PageID.19. Plaintiff alleges that "more than a dozen JPMorgan clients have informed JPMorgan that shortly after Sullivan resigned, she called them, often on clients'

2

personal cell phone numbers, and solicited their business, requested meetings with clients or otherwise attempted to get them to transfer their accounts to her at her new firm. *Id*. Leading up to her resignation, Sullivan accessed several client accounts over a short period of time, many of which had anywhere from $1 million - $20 million in investment assets. *Id*. at PageID.20

Plaintiff alleges six causes of action against Sullivan: (1) Breach of Contract; (2) Misappropriation of Trade Secrets; (3) Conversion; (4) Breach of Fiduciary Duty and Duty of Loyalty; (5) Intentional and/or Negligent Interference with Actual and Prospective Economic Advantages; and (6) Unfair Competition. Plaintiff is commencing arbitration before a panel of arbiters of the Financial Industry Regulatory Authority ("FINRA"); however, JPMorgan seeks a temporary restraining order and a preliminary injunction that prevents Defendant from continuing to solicit JPMorgan clients for the benefit of Morgan Stanley in violation of her express contractual obligations to JPMorgan until a duly appointed panel of arbitrators at FINRA renders an award in the underlying dispute. Plaintiff further seeks an order requiring Defendant to show cause why a preliminary injunction should not issue, and any such relief as the Court deems proper.

### III.   LAW AND ANALYSIS

**Rule 65(b) Temporary Restraining Order.**

>   **(1)   *Issuing Without Notice*.**   The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
>   >   (A)   specific facts shown by affidavit or by a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>   >   (B)   the movant's attorney certifies to the court in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

Rule 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury, and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest should also be considered. See *Dow Corning Corp. v. Chaganti*, No. 15-CV-13781, 2015 WL 6735335, at *5 (E.D. Mich. Nov. 4, 2015).

4

The Court will first address notice. "[T]he Rule 65(b) restrictions on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Dow Corning Corp.*, 2015 WL 6735335, at *5 quoting *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Plaintiff has attached a letter addressed to Plaintiff's counsel and dated June 6, 2025, showing that Plaintiff's counsel informed defense counsel of its intention to file this action against Sullivan, providing the name and contact information for local counsel, stating that a copy of the documents filed would be served, and that they would make defense counsel aware when the judge was assigned. [ECF No. 5-1, PageID.105]. This letter was sent via e-mail by Leonard Weintraub of Paduano & Weintraub LLP, attorneys for Plaintiff. [ECF No. 5, PageID.91]. It appears that Plaintiff has satisfied its obligation to notify Sullivan of the pending motion and FRCP 65(b)(1)(B) is satisfied.

Turning to the injunctive relief factors, immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. The Complaint alleges that Sullivan was an employee of Plaintiff from 2002-2025. That through her employment with Plaintiff, Sullivan "had access to extensive confidential financial records and information about JPMorgan's clients, including information about each client's investment and trust and estates needs."

5

[ECF No. 1, PageID.9]. The Complaint further alleges that Sullivan's employment agreements prohibited her from "soliciting JPMorgan clients for a period of one year after her JPMorgan employment ends and from using or retaining JPMorgan confidential information." *Id*. at PageID.10; ECF No. 4-1, PageID.75-90.

In violation of the employment agreements, Plaintiff alleges that Sullivan began calling JPMorgan clients almost immediately after ending her employment with JPMorgan. Sullivan has contacted more than a dozen JPMorgan clients, often on their personal cell phones, and solicited their business, requested meetings with the clients or otherwise attempted to get them to transfer their accounts to her at Morgan Stanley. [ECF No. 1, PageID.19]. The Complaint alleges that Sullivan's solicitation of JPMorgan clients is ongoing and continuing. "At the time Sullivan resigned, she serviced approximately 232 JPMorgan households with approximately $165 million in total assets under supervision." Plaintiff believes that Sullivan's solicitation efforts have successfully converted 15 JPMorgan households, with assets totaling approximately $14.5 million, to Morgan Stanley. [ECF No. 3, PageID.40].

Plaintiff alleges that it is likely that Sullivan will continue to violate the employment agreements absent a Court order. The loss of clientele and goodwill represent irreparable injury for which there is no adequate remedy at law. *Churchill Downs Tech. Initiatives Co. v. Michigan Gaming Control Bd.*, 767 F. Supp. 3d 556,

583 (W.D. Mich. 2025); *Hall v. Edgewood Partners Ins. Ctr., Inc.*, 878 F.3d 524, 530 (6th Cir. 2017). It is also likely that greater injury will be inflicted upon Plaintiff by a denial of temporary injunctive relief than would be inflicted upon Sullivan by granting such relief. Furthermore, the public interest would be served because people are expected to uphold the agreements they make and engage in fair competition instead of intentionally usurping business to the benefit of a competitor. *Victory Lane Quick Oil Change, Inc. v. Darwich*, 799 F. Supp. 2d 730, 737 (E.D. Mich. 2011).

For these reasons, stated herein, Plaintiff has established that a temporary restraining order is appropriate. To the extent that Plaintiff's motion requests a temporary restraining order against Sullivan, Plaintiff's motion is GRANTED.

### IV. CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Plaintiff's Motion for a Temporary Restraining Order, Preliminary Injunction and an Order Permitting Expedited Discovery [ECF No. 3] is GRANTED IN PART AND DENIED IN PART;

IT IS FURTHER ORDERED that Defendant is enjoined from soliciting JPMorgan's clients and using or disclosing JPMorgan's confidential information;

IT IS FURTHER ORDERED that Plaintiff's request for expedited discovery is DENIED;

7

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction is set for a hearing on **Friday, June 27, 2025, at 10:00 a.m.**

IT IS FURTHER ORDERED that Plaintiff must serve Defendant with a copy of the Complaint and Motion with all supporting documents by **Friday, June 13, 2025. Defendant must file a Response by Friday, June 20, 2025. Plaintiff must file a Reply by Wednesday, June 25, 2025.**

SO ORDERED

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: June 11, 2025